IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHARON GRISWOLD, MD MPH,**  Plaintiff, | : : : : **CIVIL ACTION NO. 2:22-cv-00568** |
| v. | : : |
| **DREXEL UNIVERSITY,** *et al.,*  Defendants. | : **JURY TRIAL REQUESTED** : : : |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR PARTIAL MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

Page

I. The Undisputed Evidence in the Record Demonstrates that Plaintiff Could Not Remain Employed as Director of the MSMS Program Without A Faculty Appointment within DUCOM .................................................................................... 1

II. Drs. Hamilton, Corbin, and Pasirstein Were Not Similarly Situated Because Different Administrators Made the Decision to Offer Them New Positions ...................... 2

III. Conclusion ................................................................................................................ 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Burch v. WDAS AM/FM*,
    Civ. A. No. 00-4852, 2002 WL 1471703 (E.D. Pa. Jun. 28, 2002) ............................................ 4

*D'Angelo v. Vanguard Group*,
    2022 WL 16857033 (E.D. Pa Nov. 10, 2022) ........................................................................... 5

*Radue v. Kimberly Clark Corp.*,
    219 F.3d 612 (7th Cir. 2000) .................................................................................................... 4

Defendants, Drexel University ("Drexel") and Drexel University College of Medicine ("DUCOM") (collectively referred to herein as "Defendants"), by and through undersigned counsel, submits the following reply brief in further support of their Motion for Partial Summary Judgment. Defendants address only those arguments in Plaintiff Sharon Griswold's ("Plaintiff") Response in Opposition ("Opposition Brief"), [ECF No. 29], that require additional discussion; Defendants otherwise stand on the arguments presented in their opening brief, [ECF No. 28-3].

I. **The Undisputed Evidence in the Record Demonstrates that Plaintiff Could Not Remain Employed as Director of the MSMS Program Without A Faculty Appointment within DUCOM**

In her opposition brief, Plaintiff argues that "Drexel's attempts to lead this Court to believe that Plaintiff's employment was solely predicated on Hahnemann's existence is … a farce" and that "Plaintiff was terminated *because* Drexel failed to permit Plaintiff to maintain her non-clinical employment and job title affiliations, which were *entirely separate* from the Hahnemann closure." Opposition Brief at p. 7. These contentions are entirely contradicted by both Van Bockstaele's testimony and DUCOM's Faculty Bylaws, both of which state unequivocally that Plaintiff would not have been able to continue on as the director of the MSMS program and related certificate programs without a faculty appointment in DUCOM. *See* Van Bockstaele Dep., Ex. 12, at 159:11-160:23 (testifying that Plaintiff's faculty appointment was with DUCOM, not the graduate school, and that, per the faculty bylaws, Plaintiff "would need to have a faculty appointment in the College of Medicine" to remain employed as the Director of MSMS and related programs); *see also* relevant portions of DUCOM's faculty bylaws, attached hereto as Exhibit 32, at p. 34 (stating that "Faculty members of the Graduate School [of Biomedical Sciences and Professional Studies] **shall** hold academic appointments in the College of Medicine and are subject to the authority of the primary Department Chair or designated supervisor for at-large faculty for all matters related to

1

the Faculty member's appointment, promotion, and tenure.") (emphasis added). Plaintiff essentially asks the Court to nullify her July 18, 2019, termination letter, which unequivocally states that Plaintiff's "**employment and faculty appointment**" with DUCOM would end on January 14, 2020, unless she received and accepted an offer with Tower Health Medical Group (emphasis added) (the "Termination Letter"). *See* Ex. 25 to Defendants' Motion for Summary Judgment, [ECF No. 28-30]. If the Court were to accept Plaintiff's characterization of the record, the Court would essentially render both the Termination Letter and the Faculty Bylaws meaningless.

## II. Drs. Hamilton, Corbin, and Pasirstein Were Not Similarly Situated Because Different Administrators Made the Decision to Offer Them New Positions.

Plaintiff argues that she is similarly situated to Drs. Hamilton, Corbin, and Pasirstein because (i) they each had faculty appointments through the Drexel Department of Emergency Medicine; (ii) they each wore several different "hats" (many of which were in addition to, and independent of, their clinical responsibilities at Hahnemann); and (iii) they each received the July 2019 letter from Drexel regarding the Hahnemann closure and the cessation of their clinical responsibilities due to such closure. PSOMF, [ECF No. 29-3], ¶¶ 100-118. Plaintiff ignores the undisputed facts that: (1) the decision to keep Griswold on as the Director of the MSMS and related certificate programs was ultimately left to Richman and Van Bockstaele, *see* PSOMF [ECF No. 29-3], at ¶ 69 and the record evidence cited therein; DSOF, [ECF No. 28-5] at ¶¶ 83-89 and the record evidence cited therein; and (2) neither Van Bockstaele nor Richman were involved in the decisions to retain Drs. Hamilton, Corbin, or Pasirstein in any capacity. *See* PSOMF, [ECF No. 29-3], ¶¶ 107, 113 & 118, and the record evidence cited therein. Even if this Court employs a flexible approach to determining whether Griswold is similarly situated to these alleged comparators, the Court cannot reach the result urged by Plaintiff because the decisions to retain

2

Corbin, Hamilton, and Pasirstein were made by different administrators who may have exercise[d] their discretion differently. *See Burch v. WDAS AM/FM*, Civ. A. No. 00-4852, 2002 WL 1471703, at *8 (E.D. Pa. Jun. 28, 2002) (citing *Radue v. Kimberly Clark Corp.*, 219 F.3d 612 (7th Cir. 2000) and other cases from the Sixth and Eighth Circuit Courts of Appeals for the proposition that "different employment decisions, concerning different employees, made by different supervisors, are seldom sufficiently comparable to establish a prima face case of discrimination"); *D'Angelo v. Vanguard Group*, 2022 WL 16857033, at *11 (E.D. Pa Nov. 10, 2022) (concluding that plaintiff did not establish a prima facie case of age discrimination because the decision to hire his replacement was made by a different decisionmaker). Plaintiff fails to address this issue, let alone cite any case in which employees were found to be similarly situated when the evidence clearly showed that the pertinent employment decisions concerning the plaintiff and the proposed comparator were made by different managers or supervisors.

There are a number of other facts in the record that compel the conclusion that Griswold was not similarly situated to Drs. Hamilton, Corbin, and Pasirstein in all relevant respects. For example, Dr. Pasirstein's employment is distinguishable from Dr. Griswold's in that his salary was supported through a contractual agreement between Drexel and Mercy Philadelphia, and Defendants continued Dr. Pasirstein's faculty appointment to honor its obligations under said contract. *See* Defendants' Response to Plaintiff's Interrogatory No. 14, attached to Defendants' Motion for Summary Judgment as Exhibit 7. Griswold, on the other hand, was an at-will employee. Dr. Corbin secured a deanship within Drexel's Dornsife School of Public Health (the "School of Public Health"), and the hospital and community-linked violence intervention program that he administered was well-funded by outside grants. *See* Defendants' Response to PSOMF at ¶ 115 and the record evidence cited therein. The MSMS Program, on the other hand, was not

3

financially viable. *See id.* at ¶ 53 and the record evidence cited therein. Finally, the most glaring distinction between Griswold and her alleged comparators is that she was the target of a public safety investigation in which she was alleged to have made threats against Drexel and her colleagues, whereas none of the alleged comparators ever came under investigation for misconduct. For these reasons, and for those cited in Defendants' opening brief, Griswold cannot establish a prima facie case of sex discrimination because a reasonable jury would be unable to conclude that she was similarly situated to her alleged comparators in all material respects.

### III. Conclusion

For these reasons, and for those articulated in the Opening Brief, Defendants respectfully request that the Court grant its Motion for Summary Judgment and enter judgment in its favor on all counts set forth in Plaintiff's Complaint.

Respectfully submitted,

By: *[signature]*

Charlene A. Gedeus, Attorney I.D. No. 317896
Monica L. Simmons, Attorney I.D. No. 363205
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
Phone:    (215) 665-3812
Facsimile: (215) 665-8760
*Counsel for Defendants*

Dated: August 1, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Reply Brief was served upon all counsel of record via this Court's CM/ECF system.

4886-5194-2258, v. 3

By: *[signature]*

Charlene A. Gedeus, Attorney I.D. No. 317896
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
Phone:     (215) 665-3812
Facsimile: (215) 665-8760
*Counsel for Defendants*